[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12989

Non-Argument Calendar

_____

KEVIN CARR,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:21-cv-00056-PRL

_____

Before NEWSOM, GRANT, and ED CARNES, Circuit Judges.

PER CURIAM:

Kevin Carr appeals the district court's order affirming the Social Security Administration Commissioner's denial of his claim for disability and disability insurance benefits. Carr contends that the administrative law judge who evaluated his claim improperly disregarded his testimony about his symptoms.

## I.    Background

Carr applied for a period of disability and disability insurance benefits with the Social Security Administration, alleging that he had been disabled since January 1, 2019. The SSA denied the application initially and on reconsideration. Carr then requested a hearing before an ALJ.

At the hearing Carr testified that he suffers from mental health issues and various physical impairments, including knee pain and degeneration, shoulder pain, back pain, migraines, and hearing loss. He also explained how those impairments have limited his day-to-day activities. Carr is a stay-at-home father to his three children, who are twelve, thirteen, and fourteen years old. His responsibilities at home include helping his kids get ready for school; picking them up and dropping them off at school; helping his wife get ready for work and making her coffee in the morning; going grocery shopping; preparing sandwiches; folding laundry; and attending his children's sporting events.

After review of Carr's medical evidence, the ALJ concluded that Carr suffered from the following severe impairments: degenerative joint disease of the knees and right shoulder; mild right carpal tunnel syndrome; degenerative disc disease of the lumbar spine; headaches; hearing loss; and bipolar disorder. But the ALJ explained that although Carr's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."

The ALJ went on to list the medical records that supported her finding that Carr's symptoms were not consistent with medical evidence, including details about x-rays, scans, and examinations of Carr's right knee, right shoulder, spine, and right hand.

The ALJ also explained that Carr's description of his symptoms is inconsistent with his account of his daily activities. The ALJ said that Carr's ability to help with chores at home, take care of his children, and drive to the children's school and the grocery store are not consistent with his claims that he is unable to work. The ALJ concluded that Carr could engage in sedentary work with specified limitations and that there were jobs in the national economy that met his specific exertional standard, and thus he was not disabled.

Carr appealed the ALJ's denial of his application for disability and disability benefits to the Commissioner's appeals council,

which denied his request for review.  Carr then filed an action in district court alleging that the Commissioner improperly denied him benefits under the Social Security Act.  The district court entered an order and judgment affirming the Commissioner's decision.

## II.    Discussion

We review the Commissioner's final decision, which here is the ALJ's decision because the ALJ denied benefits and the appeals council denied review.  *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021).  We review *de novo* the ALJ's application of legal principles but review the resulting decision "only to determine if it is supported by substantial evidence."  *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1060 (11th Cir. 2021).  Substantial evidence supports the ALJ's denial of disability when there is enough relevant evidence from which a reasonable person could "accept as adequate to support a conclusion."  *Viverette*, 13 F.4th at 1314.  There must be "more than a scintilla" of evidence supporting the ALJ's decision, but there can be "less than a preponderance."  *Id.*  In determining whether substantial evidence supports the ALJ's decision, we may not "decid[e] the facts anew, mak[e] credibility determinations, or re-weigh[] the evidence."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

In his brief to this Court, Carr has challenged the ALJ's decision based only on his alleged knee, spine, shoulder, and hand impairments, and as a result, challenges based on any other impairments have been forfeited.  *See Sapuppo v. Allstate Floridian Ins. Co.*,

739 F.3d 678, 681 (11th Cir. 2014).  Carr contends that the ALJ did not adequately explain her finding that his testimony about his symptoms was inconsistent with the medical evidence and the daily activities he was able to perform.

When a disability claimant attempts to establish disability through testimony about subjective symptoms, he must provide evidence of a medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms; or (2) "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks omitted).  If the ALJ finds that a claimant's testimony about his symptoms lacks credibility, she must "articulate explicit and adequate reasons for discrediting the claimant's" testimony, although she doesn't have to do that using "particular phrases or formulations." *Id.* (quotation marks omitted).

Carr contends that the ALJ did not articulate explicit reasons why she found his testimony about his symptoms to be inconsistent with his medical records.  He argues that the ALJ's decision only "summarized the treatment notes in the record" and failed to explain how the treatment notes contradicted his testimony about his pain.  Carr asserts that the treatment notes cited by the ALJ actually support his testimony about his symptoms because the notes acknowledge he walked with an antalgic gait, had tenderness in his right knee, and had cartilage defects in his right knee.  Finally, Carr points to other medical evidence in the record that he claims

bolsters his testimony that he suffered severe pain due to his impairments.

The ALJ adequately explained why she concluded that Carr's testimony about his symptoms was not entirely consistent with the evidence in the record. She explained that after reviewing all available medical evidence she found multiple records that did not support Carr's assertion that he has not been able to work since his disability onset date, and she went on to list the findings in those records. She also pointed out that Carr's "most recent examinations and imaging" of his knees, lumbar spine, right shoulder, and right hand did "not note any severe findings."

The ALJ further found that Carr's "activities of daily living are not as limited as expected given his allegations" about his medical condition. The ALJ explained that Carr "testified that he cares for his three children while their mother worked, which can be quite demanding both physically and emotionally." His testimony established that he was "responsible for feeding his children, helping them get ready for school, providing transportation, going to their sporting events, doing some household chores, and grocery shopping." This testimony supports the ALJ's determination that there was a mismatch between Carr's testimony about his daily activities and his medical records because those activities are more extensive than one would expect from someone unable to work.

Our role is to determine whether substantial evidence supports the ALJ's decision that Carr is able to work. *See Pupo*, 17 F.4th at 1060. The medical records that the ALJ relied on provide enough

evidence to support the conclusion that Carr's symptoms were not as severe as he alleged.  By arguing that there was other evidence in the record that supported his alleged symptoms and that the ALJ improperly interpreted the evidence she cited, Carr asks us to reweigh the evidence before the ALJ, which we cannot do.  *See Moore*, 405 F.3d at 1211.

Carr also challenges the ALJ's characterization of his daily activities as inconsistent with the limitations he allegedly faces due to his impairments.  He argues that the ALJ's description of his childcare responsibilities as "demanding" is incorrect because he testified that his children could "fend for themselves" in the morning, and the only activities he admitted to doing for their care were taking them to school and going to their sporting events.  Carr also objects to the ALJ's statement that he testified to performing household chores based on his statements that he could fold laundry, make sandwiches, and drive a short distance to the grocery store.  Carr asserts that those activities are too easy to support a finding that he is not disabled.

Again, Carr is asking us to reweigh the evidence presented to the ALJ.  *See Moore*, 405 F.3d at 1211.  It was appropriate for the ALJ to consider Carr's daily activities when determining the intensity and persistence of his symptoms.  *See* 20 C.F.R. § 404.1529(c)(3)(i).  And the ALJ's characterization of Carr's testimony about his daily activities was supported by evidence in the record, even if Carr does not believe it is the most favorable characterization.  Because there is substantial evidence from which the

ALJ could find that Carr's daily activities were not consistent with his claimed symptoms, the ALJ did not err.

**AFFIRMED.**